UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT M. WAGGY, | NO.  CV-07-0264-FVS |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| SPOKANE COUNTY, WASHINGTON, STEVE TUCKER, and KELLY FITZGERALD, | |
| Defendants. | |

**THIS MATTER** came before the Court on Defendants' December 4, 2008 motion for summary judgment.  (Ct. Rec. 30).  Plaintiff is represented by Richard D. Wall.  Defendants are represented by Hugh Terrence Lackie and Heather C. Yakely.

**BACKGROUND**

This lawsuit arises from the April 20, 2004, arrest of Plaintiff on a warrant obtained by Defendant Deputy Prosecuting Attorney Kelly Fitzgerald.  Plaintiff's complaint alleges causes of action for civil rights violations under 42 U.S.C. § 1983, false arrest and/or imprisonment under state law, a violation of due process rights, and a respondeat superior theory of liability against Spokane County.  (Ct. Rec. 1 ¶¶ 16-22).  The body of Plaintiff's complaint additionally alleges that Defendant Steve Tucker failed to adequately train and supervise Ms. Fitzgerald in the performance of her duties as a deputy prosecuting attorney.  (Ct. Rec. 1 ¶ 15).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 1

In September 2000, Plaintiff was convicted of Rape of a Child in the Third Degree and Child Molestation in the Second Degree and sentenced to 41 months confinement and 36 months of Community Placement. (Ct. Rec. 1 ¶ 8). Plaintiff's Community Placement began on December 2, 2002. *Id*. Plaintiff was required to participate in sexual deviancy assessment and treatment which he began in January of 2003. (Ct. Rec. 1 ¶ 9).

On or about March 19, 2004, Plaintiff was attending a group therapy session conducted by his counselor, John Colson, M.A., A.B.S. At that time, Plaintiff reported recurring thoughts of doing harm to himself and others. (Ct. Rec. 1 ¶ 10). Plaintiff threatened to take a gun to an elementary school and shoot children on the date of the Columbine Anniversary, April 20th, and threatened to kill John Traylor, a CPS worker, whom he felt was responsible for the loss of custody of his children. (Ct. Rec. 35 at 3). Mr. Colson reported these statements to Plaintiff's Community Corrections Officer, and the Washington State Department of Corrections ("DOC") imposed special conditions on Plaintiff's community placement as a result of the statements. (Ct. Rec. 1 ¶¶ 10 & 12).

Spokane Police Department Detective Jeff Holy was assigned to investigate potential Felony Harassment charges and, pursuant to his investigation, an arrest warrant was requested. (Ct. Rec. 35 at 4). On April 18, 2004, Plaintiff was arrested and booked into jail on one count of Felony Harassment based upon the statements he had made during his group therapy session. (Ct. Rec. 1 ¶ 13). Plaintiff posted bond and was released from jail the same day. *Id*.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 2

On or about April 19, 2004, Ms. Fitzgerald applied for and obtained a warrant for Plaintiff's arrest on the grounds that Plaintiff had failed to make satisfactory progress in his sexual deviancy treatment. (Ct. Rec. 1 ¶ 13). Plaintiff was arrested on April 20, 2004, on the warrant obtained by Ms. Fitzgerald. (Ct. Rec. 1 ¶ 14). He was held in the Spokane County Jail for 67 days, at which time he was placed on electronic home monitoring for another 60 days. *Id*. Plaintiff was released from electronic home monitoring on or about August 20, 2004. *Id*.

Plaintiff alleges that he was making satisfactory progress in treatment and his arrest was unlawful because the arrest warrant was based upon knowingly false representations regarding Plaintiff's progress in treatment. (Ct. Rec. 1 ¶¶ 13 & 14).

**DISCUSSION**

**I.   Summary Judgment Standard**

A moving party is entitled to summary judgment when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 273-74 (1986). A material fact is one "that might affect the outcome of the suit under the governing law[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A fact may be considered disputed if the evidence is such that the fact-finder could find that the fact either existed or did not exist. *Id*. at 249, 106 S.Ct. at 2511 ("all that is required is that sufficient evidence supporting the claimed factual dispute be

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 3

shown to require a jury . . . to resolve the parties' differing versions of the truth" (quoting *First National Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288-89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968))).

The party moving for summary judgment bears the initial burden of identifying those portions of the record that demonstrate the absence of any issue of material fact. *T.W. Elec. Service, Inc. v. Pac. Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987). Only when this initial burden has been met does the burden of production shift to the nonmoving party. *Gill v. LDI*, 19 F.Supp.2d 1188, 1192 (W.D. Wash. 1998). Inferences drawn from facts are to be viewed in the light most favorable to the non-moving party, but that party must do more than show that there is some "metaphysical doubt" as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 552 (1986).

Here, the facts upon which the Court relies are either undisputed or established by evidence that permits but one conclusion concerning the fact's existence.

**II.  Violation of Civil Rights**

    **A.  Prosecutorial Immunity**

Defendants claim that Ms. Fitzgerald, as a prosecutor, is entitled to absolute immunity from liability under 42 U.S.C. § 1983. (Ct. Rec. 35 at 5-8). Alternatively, Defendants claim Ms. Fitzgerald is entitled to qualified immunity. (Ct. Rec. 35 at 9).[1]

---

    [1]Because the Court herein finds that Ms. Fitzgerald is entitled to absolute immunity (*see infra*), the Court need not address the issue of qualified immunity with respect to Ms. Fitzgerald.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 4

Prosecutors are absolutely immune from liability under § 1983 for their conduct insofar as it is "intimately associated" with the judicial phase of the criminal process. *See Burns v. Reed,* 500 U.S. 478, 486, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)); *Miller v. Gammie,* 335 F.3d 889, 897 (9th Cir. 2003) (en banc) ("[T]o enjoy absolute immunity for a particular action, the official must be performing a duty functionally comparable to one for which officials were rendered immune at common law."). However, "the actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor." *Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). Prosecutorial immunity depends on "the nature of the function performed, not the identity of the actor who performed it." *Kalina v. Fletcher,* 522 U.S. 118, 127, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997) (quoting *Forrester v. White,* 484 U.S. 219, 229, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988)). Prosecutors are entitled to qualified immunity, rather than absolute immunity, when they perform administrative functions, or "investigative functions normally performed by a detective or police officer." *Id.* at 126. The official seeking absolute immunity bears the burden of demonstrating that absolute immunity is justified for the function in question. *Buckley,* 509 U.S. at 269; *Burns,* 500 U.S. at 486.

In *Imbler v. Pachtman,* the United States Supreme Court observed that absolute "immunity . . . leave[s] the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." 424 U.S. at 432. However,

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 5

the Court explained that absolute immunity for prosecutorial advocacy is justified because, "the alternative of qualifying a prosecutor's immunity would disserve the broader public interest" in protecting the prosecutor's abilities to exercise independent judgment and to advocate vigorously without the threat of retaliation. *Imbler,* 424 U.S. at 429. Thus, a prosecutor enjoys absolute immunity from a suit alleging that he maliciously initiated a prosecution, used perjured testimony at trial, or suppressed material evidence at trial. *Imbler,* 424 U.S. at 430. A prosecutor is additionally absolutely immune for direct participation in a probable cause hearing, *Burns,* 500 U.S. at 491, and for preparing and filing charging documents, *Kalina,* 522 U.S. at 130. The Ninth Circuit also recently held that prosecutors are afforded absolute immunity for parole recommendations, "because parole decisions are a continuation of the sentencing process." *Brown v. California Department of Corrections, et al.*, ___ F.3d ___, 2009 WL 153721 (9th Cir. 2009). Therefore, prosecutors are absolutely immune from liability for initiating prosecutions and other acts intimately associated with the judicial phase of the criminal process.

On the other hand, the Supreme Court has held that prosecutors are not entitled to absolute immunity for advising police officers during the investigative phase of a criminal case, *see Burns,* 500 U.S. at 493, performing acts which are generally considered functions of the police, *see Buckley,* 509 U.S. at 274-76, acting prior to having probable cause to arrest, *see id.* at 274, or making statements to the public concerning criminal proceedings, *see id.* at 277-78.

///

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 6

Here, Plaintiff contends that Ms. Fitzgerald is not entitled to absolute immunity because she acted outside her role of prosecutor and outside the judicial process when she presented information to the court in order to obtain a warrant for Plaintiff's arrest on a probation violation. (Ct. Rec. 42 at 10-15). Plaintiff asserts that Ms. Fitzgerald initiated and completed the process of requesting and obtaining a warrant for Plaintiff's arrest without any involvement by a probation officer or DOC personnel. *Id.* The facts show otherwise.

Ms. Fitzgerald had authority to complete an arrest on a probation violation, and obtaining an arrest warrant is a function of her prosecutorial duties.[2] Ms. Fitzgerald filed a motion setting forth her reasons for requesting a warrant. She performed no investigative work prior to seeking the arrest warrant; she merely relied on information set forth in a detective's affidavit of facts, his additional report, and an April 5, 2004, court special imposed conditions. (Ct. Rec. 31 ¶¶ 21, 63-65). DOC supported the request, and the court did not request further information. (Ct. Rec. 31 ¶¶ 60-65). Judge Sypolt thereafter signed an order for an arrest warrant for Plaintiff's arrest. (Ct. Rec. 31 ¶ 65). The validity of this warrant has never been challenged. Based on the foregoing, Ms.

---

[2]*See* CrR 3.2(*l*)(1) (". . . upon the court's own motion or a verified application by the prosecuting attorney alleging with specificity that an accused has willfully violated a condition of the accused's release, a court shall order the accused to appear for immediate hearing or issue a warrant directing the arrest of the accused . . . ."); *see also* Wash. Rev. Code 9.94A.634 ("(1) if an offender violates any condition or requirement of a sentence . . . the court **upon the motion of the state, or upon its own motion**, . . . may issue a summons or warrant of arrest for the offender's appearance . . . .") (emphasis added).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 7

Fitzgerald performed a quasi-judicial function in presenting the
motion for issuance of a warrant for Plaintiff's arrest on a probation
violation.[3]

Ms. Fitzgerald was authorized to present the motion for issuance
of a warrant for Plaintiff's arrest on a probation violation, and this
function was prosecutorial, not administrative or investigative.
Accordingly, Ms. Fitzgerald is entitled to absolute immunity from
Plaintiff's § 1983 civil rights claims.

**B.    Supervisory Liability Claim Against Defendant Tucker**

Plaintiff's complaint alleges the conduct of Defendant Steve
Tucker constitutes a failure to adequately train and supervise Ms.
Fitzgerald in the performance of her duties as a deputy prosecuting
attorney.  (Ct. Rec. 1 ¶ 15).  Plaintiff claims that Defendant Tucker
failed to develop and implement reasonable policies and procedures for
the conduct of deputy prosecutors to prevent them from seeking and
obtaining arrest warrants without probable cause.  *Id.*

A supervisor is only liable for constitutional violations of his
subordinate if that supervisor participated or directed such
violations or knew of the violation and failed to act to prevent them.
*Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-681
(9th Cir. 1984).  Here, as held in *Ybarra*, the Court may first

---

[3]*See Broam v. Bogan,* 320 F.3d 1023, 1029 (9th Cir. 2003) ("[I]n
deciding whether to accord a prosecutor immunity from a civil suit for
damages, a court must first determine whether a prosecutor has
performed a quasi-judicial function.  If the action was part of the
judicial process, the prosecutor is entitled to the protection of
absolute immunity whether or not he or she violated the civil
plaintiff's constitutional rights.") (citation and internal quotation
marks omitted).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 8

conclude that, if Plaintiff's allegation is to be understood to mean that Defendant Tucker was directly involved in the decision to request a warrant for Plaintiff's arrest, he too would enjoy the same absolute prosecutorial immunity which shields Ms. Fitzgerald.  Second, also as held in *Ybarra*, there is no evidence supporting the imposition of liability on Defendant Tucker for failing to train Ms. Fitzgerald or implement policies.

Plaintiff must support his allegations by describing the training and explaining why it was inadequate.  This is something Plaintiff has failed to do.  While Plaintiff asserts that Ms. Fitzgerald's training consisted of no more than on-the-job training, there is nothing in the record to suggest that this "on-the-job" training was in any way inadequate or insufficient.  Nowhere in Plaintiff's statement of material facts or memoranda has he provided a detailed description of the content of the training that the deputy prosecutor received.  Unless the fact-finder has a clear understanding of the training that the deputies actually received, the fact-finder cannot assess the adequacy of the program.  *See Merritt v. County of Los Angeles*, 875 F.2d 765, 770-71 (9th Cir. 1989) (the Ninth Circuit upheld the trial judge's decision to grant judgment notwithstanding the verdict on the plaintiff's allegation of inadequate training where he "did not present any evidence indicating that the sheriff's department's training program . . . was in any way inadequate[,]" and the "evidence presented at trial clearly and unequivocally established that the training was extensive and comprehensive."); *see also Price v. Sery*, 513 F.3d 962, 973 (9th Cir. 2008) (the Ninth Circuit concluded "the

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 9

district court was correct to find that even if the City's training may not have been ideal, Price offers nothing that would establish the kind of 'conscious' or 'deliberate' choice by the City to risk a 'likely' violation of constitutional rights.").

The undisputed facts in this case fail to give rise to any inference that Defendant Tucker either trained Ms. Fitzgerald inadequately, or failed to supervise her properly. Moreover, the facts fail to give rise to an inference that it was the custom or policy of Defendant Tucker to allow deputy prosecutors to seek and obtain arrest warrants without probable cause. Based on the foregoing, Defendant Tucker is entitled to judgment, as a matter of law, on Plaintiff's supervisory liability claim.

C. **Spokane County**

Plaintiff additionally alleges that Spokane County is liable to Plaintiff under § 1983 and under state law for damages proximately caused by its employees. (Ct. Rec. 1 ¶¶ 16, 22).

Plaintiff may not recover under § 1983 on a theory of *respondeat superior*. *Monell v. Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). Rather, a municipality may only be held liable under Section 1983 if the plaintiff's injuries are traceable to one of the municipality's policies or customs. *Monell*, 436 U.S. at 690. Plaintiff is therefore required to establish that Spokane County had a policy, custom or practice that was the "moving force" behind the alleged constitutional deprivation. *Id*. at 694-695.; *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (a *Monell* plaintiff must show "a direct causal

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 10

link between a municipal policy or custom and the alleged

constitutional deprivation.").  Local governments enjoy no immunity

under § 1983 for damages.  *Owen v. City of Independence,* 445 U.S. 622,

657, 100 S.Ct. 1398, 1418, 63 L.Ed.2d 673 (1980).

Here, as noted by Defendants, there is no evidence in the record

of any purported custom, policy, or procedure that has been violated.

(Ct. Rec. 35 at 12-13).  Municipalities may be held responsible only

when their official policies cause their employees to violate another

person's constitutional rights.  *Monell,* 436 U.S. at 691.  Plaintiff

has not identified a specific policy or custom that, if followed,

would have resulted in the deprivation of his civil rights.  Because

Plaintiff has failed to set forth facts to establish a policy or

custom existed in Spokane County which was violative of Plaintiff's

rights in this case, no triable issue of material fact exists as to

this claim.

Likewise, there is no evidence which demonstrates that there was

a failure to train which amounted to any deliberate indifference.

Failure to provide adequate training may serve as the basis for § 1983

liability against a municipality "where the city's failure to train

reflects deliberate indifference to the constitutional rights of its

inhabitants." *Harris*, 489 U.S. at 392.  There is no evidence

presented in this case to establish a failure to train which amounted

to any deliberate indifference.  Plaintiff simply concludes, without

substantiation, that Ms. Fitzgerald was not properly trained.[4]  (Ct.

---

[4]On rebuttal, Defendants submit facts attesting to the education
and training received by deputy prosecutors in Spokane County.  (Ct.
Rec. 52 ¶¶ 1-3).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 11

Rec. 42 at 15-16).  Plaintiff alleges only that Ms. Fitzgerald's

training on how to handle probation violations and warrants was

learned on the job.  Yet, Plaintiff fails to provide evidence

demonstrating that the training Ms. Fitzgerald received was somehow

inadequate or insufficient.  Plaintiff has thus failed to establish

that a failure to train lead to a "deliberate indifference" of

Plaintiff's rights.

Because Plaintiff fails to identify a specific policy, custom or

practice of Spokane County that was the "moving force" behind the

alleged constitutional deprivation or that a failure to train lead to

a "deliberate indifference" of Plaintiff's rights, the Court finds

that Spokane County is not liable as a matter of law under Section

1983.

**III. Equal Protection**

Although not specifically alleged as a cause of action,

Plaintiff's complaint also references a claim for the violation of his

equal protection rights.  (Ct. Rec. 1 at 2).  Defendants moved for

summary judgment on Plaintiff's equal protection assertions.  (Ct.

Rec. 35 at 16-17).  Plaintiff did not contest Defendants' motion for

summary judgment as to an equal protection claim.[5]  (Ct. Rec. 42).

Equal protection claims arise when a charge is made that

similarly situated individuals are treated differently without a

rational relationship to a legitimate state purpose.  *See San Antonio*

---

[5]Local Rule 7.1(h)(5) holds that "[a] failure to timely file a
memorandum of points and authorities in support of or in opposition to
any motion may be considered by the Court as consent on the part of
the party failing to file such memorandum to the entry of an Order
adverse to the party in default."

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 12

*School District v. Rodriguez*, 411 U.S. 1 (1972).  In order to state a § 1983 claim based on a violation of the equal protection clause of the Fourteenth Amendment, a plaintiff must allege that a defendant acted with intentional discrimination against plaintiff.  *Lowe v. City of Monrovia*, 775 F.2d 998, 1010 (9th Cir. 1985); *Federal Deposit Ins. Corp. v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991).  Plaintiff must state nonconclusory allegations of subjective motivation.

The complaint does not explain the basis for Plaintiff's equal protection claim.  Consequently, there has been no showing that Defendants deprived Plaintiff of equal protection under the law by intentionally treating him differently from others similarly situated. Plaintiff's conclusory allegation that Defendants violated his equal protection rights is insufficient to state a claim for relief under section 1983.  Accordingly, Plaintiff's claim for a violation of his equal protection rights fails as a matter of law.

**IV.  Due Process**

Plaintiff alleges in his complaint that Defendants' actions violated his due process rights under the Constitution of the United States.  (Ct. Rec. 1 ¶ 19).

"To establish a violation of substantive due process . . ., a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 13

substantive due process, must be the guide for analyzing a plaintiff's claims." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S.Ct. 1845 (1997); *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998).

In this case, the Fourth Amendment "provides [the] explicit textual source of constitutional protection . . . ." *Patel*, 103 F.3d at 874. "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment." *Dubner v. City and County of San Francisco*, 266 F.3d 959, 964 (2001. Therefore, the Fourth Amendment, rather than the Due Process Clause of the Fourteenth Amendment, governs Plaintiff's claim.

Because the Court has determined that Defendants are entitled to summary judgment on Plaintiffs' unlawful arrest assertions (*see supra*), Defendants are likewise entitled to judgment, as a matter of law, on Plaintiff's unsubstantiated due process claim.

**V.   Conspiracy**

Although not alleged as a cause of action, Plaintiff's complaint, as well as his response pleadings to the instant motion, reference a conspiracy between Ms. Fitzgerald and DOC employee Todd Wiggs. Defendants contend that if Plaintiff is alleging a civil conspiracy, the claim must fail.  The undersigned agrees.

A violation of 42 U.S.C. § 1985 is an intentional tort.  To prevail, Plaintiff must allege and prove that Defendants entered into a purposeful conspiracy to deprive Plaintiff of a protected

///

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT – 14

and recognized constitutional right.   A civil rights conspiracy claim includes the following four elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege or a citizen of the United States.

*Carpenters v. Scott*, 463 U.S. 825, 828-829, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983).

Plaintiff has not asserted the elements of conspiracy under § 1985 or provided evidence to support such a claim.   In addition, DOC employee Todd Wiggs is not a named defendant in this case. Nevertheless, the record is simply devoid of any evidence that would suggest Ms. Fitzgerald and Mr. Wiggs conspired together to violate Plaintiff's constitutional rights.   A mere allegation of conspiracy without factual specificity is insufficient to support a claim. *Karim-Pnahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988).   Accordingly, Defendants are entitled to summary judgment on Plaintiff's civil rights conspiracy claim.

**VI.   False Arrest/Imprisonment**

Plaintiff's complaint alleges that his arrest constituted false arrest and/or imprisonment in violation of his rights under state law. (Ct. Rec. 1 ¶ 18).   Defendants have moved for summary judgment on Plaintiff's state law claims arguing not only that Ms. Fitzgerald is additionally entitled to absolute immunity under Washington State law, but also that the undisputed facts demonstrate the arrest of Mr. Waggy was reasonable.   (Ct. Rec. 35 at 17-19).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 15

Plaintiff did not file an opposition to Defendants' motion for summary judgment as to the state law claims. (Ct. Rec. 42). In any event, as noted above, it is apparent that Ms. Fitzgerald is entitled to absolute immunity from Plaintiff's claims stemming from his arrest. *See Creelman v. Svenning*, 67 Wash.2d 882, 884, 410 P.2d 606 (1966) (public policy requires that prosecutors are given absolute immunity and this immunity also insulates the state or county). The Court finds that Defendants are entitled to summary judgment on Plaintiff's state law false arrest and/or imprisonment claim.

**CONCLUSION**

Summary judgment for all named Defendants on all of Plaintiff's claims is appropriate because Plaintiff has failed to offer sufficient evidence to raise a genuine issue of material fact that any of his rights under federal or state law were violated. Accordingly, **IT IS ORDERED** Defendants' December 4, 2008 motion for summary judgment for dismissal of Plaintiff's claims **(Ct. Rec. 30) is GRANTED.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order, provide copies to counsel, **enter judgment in favor of Defendants** and **close the file.**

**DATED** this ___10th___ day of February, 2009.

_____S/Fred Van Sickle_____
Fred Van Sickle
Senior United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 16